

Signed/Docketed
October 1, 2012

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

| | |
|---|---|
| In re: ) | |
| ) | Case No. 11-36558 MER |
| CURTIS WAYNE RICHTER ) | |
| ) | Chapter 13 |
| Debtor. ) | |

**ORDER**

    This matter comes before the Court on the *Debtor's Motion for Reconsideration of the August 29, 2012 Order That Denied His Verified Motion to Disallow Proof of Claim 9-1* (the "Motion to Reconsider") filed by Debtor Curtis Wayne Richter ("Debtor") on September 10, 2012.[1]

    On August 29, 2012, the Court entered its Order in connection with two verified motions to disallow claims filed by the Debtor and the related pleadings (the "August 29, 2012 Order").[2] The Debtor's Motion to Reconsider requests the Court: 1) reconsider of the portion of the August 29, 2012 Order denying the Debtor's Verified Motion to Disallow Proof of Claim No. 9-1, and 2) hold an evidentiary hearing on the Debtor's Verified Motion to Disallow Proof of Claim No. 9-1, but ban any participation of the claimant at the hearing. The Court notes the sole ground for relief cited in the Motion to Reconsider is "mistake or oversight" relief under FED.R.CIV.P. 60(b)(1).[3] Other than a single general citation to Rule 60, the Debtor provides no legal authority in support of the relief requested. For the reasons stated herein, the Court shall deny the Motion to Reconsider because the Debtor has failed to demonstrate the existence of any mistake or oversight in connection with the August 29, 2012 Order.

---

    [1] Motion to Reconsider, Docket Nos. 93 and 94.

    [2] Parties should refer to the Court's Order (Docket No. 87) for a detailed recitation of the background facts and procedural history in this case.

    [3] Motion to Reconsider, Docket Nos. 93 and 94, at ¶¶ 10 and 18.

**DISCUSSION**

A party may seek relief from an order or judgment under FED. R. CIV. P. 59 or 60(b).[4] The Tenth Circuit Court of Appeals has stated the following regarding such motions:

> The Federal Rules of Civil Procedure recognize no "motion for reconsideration." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991), *cert. denied*, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992). Instead, this court construes such a filing in one of two ways. If the motion is filed within ten days of the district court's entry of judgment, the motion is treated as a motion to alter or amend the judgment under [FED. R. CIV. P.] 59(e). *Id.* Alternatively, if the motion is filed more than ten days after the entry of judgment, it is considered a motion seeking relief from the judgment under [FED. R. CIV. P.] 60(b). *Id.*[5]

FED. R. CIV. P. 59 and 60 apply to cases under the Bankruptcy Code pursuant to FED. R. BANKR. P. 9023 and 9024. Although FED R. CIV. P. 59(e) provides a motion to alter or amend a judgment must be filed within 28 days of the entry of the judgment, FED. R. BANKR. P. 9023 shortens the deadline to file motions under Rule 59 to "no later than 14 days after entry of judgment."[6]

First, the Debtor here seeks relief under the incorrect rule. The Motion to Reconsider was filed twelve days after entry of the August 29, 2012 Order, but seeks relief under FED. R. CIV. P. 60(b)(1). Consistent with the approach of the Tench Circuit Court of Appeals, the Court must construe the Debtor's Motion to Reconsider as a motion under Rule 59(e) because it was filed within the fourteen-day deadline for bankruptcy matters. Regardless, the Court finds the Debtor does not demonstrate entitlement to the relief requested under either rule.

**A.     FED. R. CIV. P. 59**

FED. R. CIV. P. 59(a) sets forth the grounds for a motion under Rule 59(e):

---

[4] *Hatfield v. Board of County Commissioners for Converse County*, 52 F.3d 858, 861 (10th Cir. 1995); *see also Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

[5] *Id.* at 861.

[6] FED. R. BANKR. P. 9023.

> (1) Grounds for New Trial. The court may, on motion, grant a new trial on all or some of the issues—and to any party—as follows:
>
> . . .
>
> (B) after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court.[7]

"Grounds warranting a motion to reconsider [under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[8] Rule 59(e) motions are appropriate where a court has misapprehended the facts, a party's position, or controlling law.[9] However, a Rule 59(e) motion "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."[10]

### B.  FED. R. CIV. P. 60(b)

By contrast, Rule 60(b) provides in pertinent part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;

---

[7] FED. R. CIV. P. 59(a)(1)(B).

[8] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

[9] See *Paraclete*, 204 F.3d at 1012.

[10] *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.[11]

Relief from judgment under Rule 60(b) falls within the discretion of the Court, but such relief is extraordinary, and should only be granted in exceptional circumstances.[12] The burden of proof on a movant is a high one, because a Rule 60(b) motion is not a substitute for an appeal.[13]

**C.    Motion to Reconsider**

In the instant matter, the Debtor asserts a single argument for relief from a portion of the Court's August 29, 2012 Order. The Debtor contends the Court made a mistake by finding Portfolio Recovery's Amended Proof of Claim No. 9-2 was entitled to the presumption of *prima facie* validity, which in turn, mooted the Debtor's verified motion to disallow the original Proof of Claim No. 9-1 filed by the same creditor.

However, with respect to the amendment to Portfolio Recovery's original Proof of Claim No. 9-1, the Court concluded as a matter of law "Proof of Claim No. 9-1 was amendable, and Amended Proof of Claim 9-2 relates back to the date of filing of the original proof of claim. Based on this determination, Amended Proof of Claim 9-2 is the operative proof of claim at issue for Portfolio Recovery."[14] The Debtor does not dispute the proper procedure was to allow the amendment to the original proof of claim.[15]

Rather, the Debtor disputes this Court's subsequent determination that Amended Proof of Claim No. 9-2 is entitled to the presumption of *prima facie*

---

[11] FED. R. CIV. P. 60(b), made applicable to bankruptcy proceedings by FED. R. BANKR. P. 9024.

[12] *LaFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003); *Amoco Oil Co. V. United States Department of Environmental Protection*, 231 F.3d 694, 697 (10th Cir. 2000); *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co., Inc.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

[13] *Davis v. Kansas Dept. of Corrections*, 507 F.3d 1246, 1248 (10th Cir. 2007).

[14] August 29, 2012 Order, at p. 9-10 (internal citations omitted) (emphasis added).

[15] Motion to Reconsider, at ¶ 16 (asserting "[t]he proper procedure was to allow the amended claim but then bar Portfolio [Recovery] from participating in a hearing.")

validity, thereby mooting the Debtor's Verified Motion to Disallow Claim No. 9-1. The Debtor's Motion to Reconsider seeks a hearing on the original motion to disallow the original proof of claim, but fails to recognize the effect of the amended proof of claim. In conducting its detailed analysis of whether Portfolio Recovery's amended proof of claim is entitled to the presumption of validity, the Court reasoned as follows:

> The Debtor scheduled a debt to "Bb And B/cbna" in the amount of $1,764.00 for a "Credit card account opened 6/07" for an account ending in "2243." Through sworn affidavits, Portfolio Recovery has specifically identified the Debtor, the same account, and the same date the account was opened. Portfolio Recovery also provided a specific amount due within $100 of the scheduled debt. Portfolio Recovery provided sworn statements indicating the account was acquired post-petition from Citibank, N.A., the original holder of the debt from the time the account was opened. Most importantly, Portfolio recovery attached the actual assignment documents to its proof of claim. **Accordingly, the Court concludes Amended Proof of Claim 9-2 complies with the requirements of Fed. R. Bankr. P. 3001 and Official Form 10, thereby constituting prima facie evidence of the validity and amount of Portfolio Recovery's claim against the Debtor.** The Debtor has not provided any evidence to rebut this presumption.
>
> **In connection with this conclusion, the Court agrees with the Trustee that the Debtor's Verified Motion to Disallow Proof of Claim 9-1 is mooted by the filing of Amended Proof of Claim No. 9-2. The Debtor only raised two objections to this claim, lack of documentation and standing. Portfolio Recovery has not only provided adequate documentation under the Bankruptcy Rules, but through the same documentation has demonstrated its standing as a creditor holding a claim against the Debtor. The Debtor has not provided sufficient evidence to rebut the presumption of the validity and amount of Amended Proof of Claim No. 9-2, and the may not avoid paying a debt he cannot in good faith disavow.** Accordingly, the Court shall deny the Debtor's Verified Motion to Disallow Proof of Claim 9-1 as moot.[16]

In the Motion to Reconsider, the Debtor contends "it was a mistake or oversight to hold that Claim 9 benefited [sic] from the presumption of validity. The presumption that Claim 9 was valid ceased to exist when the Debtor filed his Motion, and the time for Portfolio to prove the validity of Claim 9 expired

---

[16] August 29, 2012 Order, at p. 16 (emphasis added).

when it failed to respond to the Debtor's Motion."[17] The Debtor cites no legal authority for this position, and gives this Court no reason to disturb the Court's conclusions in the August 29, 2012 Order.

The Court did not set a hearing on the original motion to disallow because the Court determined Amended Proof of Claim No. 9-2 addressed both of the Debtor's objections to the original proof of claim. The Debtor's motion to disallow Portfolio Recovery's original proof of claim was based on a challenge to standing and lack of documentation. Through the Motion to Reconsider, the Debtor now seeks an order setting an evidentiary hearing on the merits of the verified motion to disallow **Proof of Claim No. 9-1**, even though this original proof of claim is superceded by Amended Proof of Claim No. 9-2 and the objections to standing and lack of documentation were mooted by Portfolio Recovery filing an amended claim with supporting documentation evidencing standing.[18]

Even if the Debtor has an objection to Amended Proof of Claim No. 9-2, that was not the issue before the Court.[19] The issue before the Court was whether Portfolio Recovery's amended proof of claim was the controlling claim, and if so, whether the amended claim was entitled to a presumption of validity thereby mooting the Debtor's original motion to disallow the original proof of claim. For the reasons stated in the August 29, 2012 Order, the answer to those questions is yes, and the Court determined Amended Proof of Claim No. 9-2 mooted the Debtor's original motion to disallow the original proof of claim.

The Court finds the Debtor has not shown a change in the controlling law, previously unavailable evidence, or clear error under Rule 59(e). In addition, the Debtor has not demonstrated mistake, newly discovered evidence, fraud, or any other grounds for relief under Rule 60(b). Therefore, the Court concludes none of the arguments presented in the Motion to Reconsider provide grounds for the Court to change its August 29, 2012 Order under either Rule 59 or Rule 60. Accordingly, the Court must deny the Debtor's Motion to Reconsider.

---

[17] Motion to Reconsider, at ¶ 18.

[18] In addition, the Debtor seeks an order precluding any participation from Portfolio Recovery at that evidentiary hearing. Because there was no hearing on the mooted motion, there was nothing to ban Portfolio Recovery from.

[19] The Court notes a new motion to disallow Amended Proof of Claim 9-2 would not disturb the Court's finding Amended Proof of Claim 9-2 is entitled to the presumption of *prima facie* validity. If the Debtor has evidence to rebut the presumption, the Debtor may file a new motion seeking to disallow Amended Proof of Claim 9-2. Until such time, however, the issue of whether to allow Amended Proof of Claim 9-2 is not before the Court.

**CONCLUSION**

Based upon the above findings

  IT IS HEREBY ORDERED the *Debtor's Motion for Reconsideration of the August 29, 2012 Order That Denied His Verified Motion to Disallow Proof of Claim 9-1* (Docket Nos. 93 and 94) is DENIED.

Dated October 1, 2012         BY THE COURT:

                  Michael E. Romero
                  United States Bankruptcy Judge